42067

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANITA FREUDENTHAL, WIFE OF/AND HUGO FREUDENTHAL | * * |
| VERSUS | * CIVIL ACTION NO. * |
| | * SECTION ___ |
| POYDRAS PROPERTIES HOLDING CO., LLC, POYDRAS PROPERTIES, LLC, HYATT HOTEL CORPORATION, POYDRAS HOTEL MEMBERS, LLC, ARES MANAGEMENT, LLC, LOONEY & ASSOCIATES, LLC, AND TUDOR INSURANCE COMPANY | * * JUDGE _____ * * MAGISTRATE JUDGE * * |

## NOTICE OF REMOVAL

Defendants, Poydras Properties Hotel Holdings Co., LLC (improperly stated as Poydras Properties Holding Co., LLC); Poydras Properties, LLC, Hyatt Hotels Corporation (improperly stated as Hyatt Hotel Corporation), Poydras Hotel Members, LLC, Looney & Associates, LLC, and Tudor Insurance Company (collectively, "Defendants"), give this notice and hereby remove this civil action, captioned *Anita Freudenthal, wife of/and Hugo Freudenthal v. Poydras Properties Holding Co., LLC, Poydras Properties, LLC, Hyatt Hotel Corporation, Poydras Hotel Members, LLC, Ares Management, LLC, Looney & Associates, LLC, and Tudor Insurance Company*, No. 16-10565, Division "J," Civil District Court for the Parish of Orleans, State of Louisiana (the "State Court Action"), to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, the Defendants represent:

## STATE PROCEEDING

1.

The Plaintiffs, Anita Freudenthal, wife of/and Hugo Freudenthal, on October 25, 2016, commenced a civil action against Defendants in the Civil District Court for the Parish of Orleans,

styled "*Anita Freudenthal, wife of/and Hugo Freudenthal v. Poydras Properties Holding Co., LLC, Poydras Properties, LLC, Hyatt Hotel Corporation, Poydras Hotel Members, LLC, Ares Management, LLC, Looney & Associates, LLC, and Tudor Insurance Company*," No. 16-10565, Division "J." As required by 28 U.S.C. § 1446(a), copies of all executed process in the case; pleadings; and all orders signed by the state judge are attached hereto as Exhibit A.

## REMOVAL IS TIMELY

2.

All Defendants who have been served with notice of this suit were served on November 1, 2016. Defendants file this notice of removal within thirty (30) days of receiving Plaintiffs Original Petition, making removal timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

3.

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a). Therefore, the cause may be removed to this Court pursuant to 28 U.S.C. §1441(b).

4.

Plaintiffs are citizens and residents of Florida. (See Plaintiff's Petition, ¶ 1).

5.

Defendant Poydras Hotel Members, LLC is a limited liability company whose members are Christopher Robertson, Sr. and Elman LP Holdings, LLC. Chris Robertson, Sr. is a citizen of Arkansas. Elman LP Holdings, LLC is a Delaware corporation, whose members are citizens of New York and California. See Declaration of Christopher Robertson, Sr. and Electronic-Mail from Christopher Robertson, attached as Exhibit "B." Thus, pursuant to 28 U.S.C.§ 1332(c)(1), Poydras Hotel Members, LLC is a citizen of Arkansas, New York and California.

6.

Defendant Poydras Properties Hotel Holdings Co., LLC, is a subsidiary of/owned by PPHH Mezz, LLC. The members of PPHH Mezz, LLC are AP Poydras, LLC, a Delaware limited liability company with no individual members, and Poydras Hotel Members, LLC. See Declaration of Christopher Robertson, Sr. and Electronic-Mail from Christopher Robertson, attached as Exhibit "B." Thus, pursuant to 28 U.S.C.§ 1332(c)(1), Poydras Hotel Holdings Co., LLC is a citizen of Delaware, Arkansas, New York and California.

7.

Defendant Poydras Properties, LLC is a limited liability company whose members are Christopher Robertson, Sr. and Elman LP Holdings, LLC. See Declaration of Christopher Robertson, Sr. and Electronic-Mail from Christopher Robertson, attached as Exhibit "B." Thus, pursuant to 28 U.S.C.§ 1332(c)(1), Poydras Properties, LLC is a citizen of Arkansas, New York and California.

8.

Defendant Looney & Associates, LLC, is a Texas limited liability company, whose members are John Nelson, Jr., a citizen of Texas and James Looney and Cathy Looney, citizens of Texas. Thus, pursuant to 28 U.S.C.§ 1332(c)(1), Looney & Associates, LLC is a citizen of Texas.

9.

As of the time of this removal and at the time the state court action was filed, Defendant Tudor Insurance Company was incorporated under the laws of the State of New Hampshire with

its principal and sole place of business in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Tudor Insurance Company is a citizen of New Hampshire and New Jersey.

10.

As of the time of this removal and at the time the state court action was filed, Defendant Hyatt Hotels Corporation (improperly referred to as Hyatt Hotel Corporation) was incorporated under the laws of the State of Delaware with its principal place of business in Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), Hyatt Hotels Corporation is a citizen of Delaware and Illinois.

11.

In sum, plaintiffs are citizens of Florida. All Defendants are citizens of Arkansas, New York, California, Delaware, Texas, New Hampshire, New Jersey, and Illinois. Accordingly, complete diversity exists in this case with regard to the only properly named defendants in this lawsuit.

12.

Upon present information and belief, complete diversity also exists with regards to Ares Management, LLC. However, as Ares Management, LLC has never had maintenance or control over the Hyatt Hotel Corporation, Ares Management, LLC was improperly named as a Defendant in this lawsuit.

**IMPROPER JOINDER**

13.

Naming Ares Management, LLC, which never had control over Hyatt Hotel Corporation, as a defendant in this case constitutes the improper joinder of a defendant against whom there is no possibility that Plaintiff can establish a cause of action under applicable state law. As such,

Ares Management, LLC's joinder should be ignored for the purposes of determining diversity. See Electronic-Mail from Susan Rohrbach, attached as Exhibit "C."

14.

Improper joinder may be established by showing that the plaintiff is unable to establish a cause of action against the non-diverse party. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). The appropriate test for determining improper joinder is whether "there is arguably a reasonable basis for predicting that state law might impose liability." *Id.* "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Id.* (emphasis in original). Additionally, the scope of the inquiry for improper joinder is broader than that for a Motion to Dismiss under Rule 12(b)(6) as the court may "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Id; Acosta v. Drury Inns, Inc.*, 400 F.Supp.2d 916, 919-920 (W.D. Tex. 2005) (analyzing evidence presented in affidavits to determine defendant was not plaintiff's employer under the TCHRA and, thus, was fraudulently joined).

15.

In this case, the only claims alleged by Plaintiff result from a slip and fall incident at the Hyatt Hotel in New Orleans. Plaintiff seeks damages for personal injury, physical pain and suffering, loss of enjoyment of life, and emotional distress. See Plaintiff's Original Petition at ¶ XIV. As to Ares Management, LLC, Plaintiff alleges that Ares "owned, operated, managed, or otherwise was responsible for the operations of, maintenance of, and physical condition of facilities" at the Hyatt Hotel. See Plaintiff's Original Petition at ¶ III.

16.

Ares Management, LLC is a "publicly traded, leading global alternative asset manager with approximately $97 billion of assets under management and approximately 915 employees." Ares Management, LLC operates three distinct investment groups that invest in the credit, private equity and real estate markets. See, http://www.aresmgmt.com/our-business, Exhibit "D."

17.

Upon present information and belief, Ares Management, LLC, through its third-party investors, invested into the renovation at the Hyatt Hotel. However, Ares Management, LLC did not have any control, ownership, or management over the Hyatt Hotel. See, Electronic-Mail from Susan Rohrbach, attached as Exhibit "C."

18.

Undersigned counsel made numerous attempts to ascertain the citizenship of the members of Ares Management, LLC, to no avail. The individual members of the company are not available through the secretary of state. Moreover, the Senior Counsel of Ares Management, Susan Rohrbach, informed undersigned counsel that determining all members of Ares Management, LLC, would not only reveal confidential information of third party investors, but as Ares Managment is an investment group, it is made up of several other entities and the task would be nearly impossible. The electronic-mail attached hereto as Exhibit "C" from Ms. Rohrbach confirms that Ares Management, LLC is not a proper party to this litigation. As such, Ares's citizneship should be disregarded for purposes of evaluating the Court's subject matter jurisdiction. *Driver v. Wal-Mart Louisiana, LLC,* 2009 WL 2913938 (E.D. La. 2009).

6

## AMOUNT IN CONTROVERSY

19.

The amount in controversy in this case exceeds the $75,000 threshold of 28 U.S.C. § 1332. The Fifth Circuit has held that where, as here, the plaintiff's petition fails to specify the amount in controversy, the court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000 threshold for diversity jurisdiction. *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66-67 (5th Cir. 2010). On the other hand, if it is not facially apparent that the claims are likely above $75,000, the removing party may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

20.

In this case, it is facially apparent that there is at least $75,000 in controversy because Plaintiff alleges that she "violently tripped, flew into the air, and fell onto her left side." As a result of the fall, plaintiff was "very seriously injured, sustaining damage to her hip, knee, leg, and head, which injuries necessitated a total hip replacement, for which plaintiff was hospitalized for nine days and continues to experience rehabilitation and physical therapy." Plaintiff seeks damages for i) past and future physical pain and suffering; ii) past and future emotional distress; iii) past and future medical expenses; iv) disability; and v) loss of enjoyment of life and society. Additionally, Ms. Freudenthal's husband, Hugo Freudenthal alleges that he was in the presence of his wife's injury and as such seeks damages for his personal emotional distress and mental anguish, as well as loss of consortium and society. (See Plaintiff's Petition for Damages, ¶ VII, VIII, XIV, and XV). Plaintiffs' counsel has indicated that the medical bills above exceed $100,000.

21.

Accordingly, the amount in controversy in this case exceeds the required $75,000 threshold.

## REMOVAL IS PROPER

22.

There is complete diversity between Plaintiffs, Anita and Hugo Freudenthal, and Defendants, Poydras Properties Hotel Holdings Co., LLC (improperly stated as Poydras Properties Holding Co., LLC); Poydras Properties, LLC, Hyatt Hotels Corporation (improperly stated as Hyatt Hotel Corporation), Poydras Hotel Members, LLC, Looney & Associates, LLC, and Tudor Insurance Company. As discussed, Ares Managment, LLC's joinder should be ignored. There is more than $75,000 in controversy. Accordingly, this action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c) and removal is proper pursuant to 28 U.S.C. § 1441.

## NOTICE TO STATE COURT AND OPPOSING PARTY

23.

Promptly upon the filing of this Notice of Removal, Defendants shall file a Notice of Filing Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, and serve a copy thereof on Plaintiff through her counsel. A copy of Defendants' Notice of Filing Notice of Removal is attached hereto and incorporated herein for all purposes as Exhibit "E."

## CONSENT OF ALL DEFENDANTS TO REMOVAL

24.

Defendants Poydras Properties Hotel Holdings Co., LLC (improperly stated as Poydras Properties Holding Co., LLC); Poydras Properties, LLC, Hyatt Hotels Corporation (improperly stated as Hyatt Hotel Corporation), Poydras Hotel Members, LLC, Looney & Associates, LLC, and Tudor Insurance Company consent to this removal. Defendant Ares Management, LLC has not been served and Defendants assert that Ares Management, LLC was improperly joined in this action. Nonetheless, out of an abundance of caution, Ares Management, LLC, likewise consents to this removal. Defendants join together and, pursuant to the statutes set forth herein and in conformance with the requirements of 28 U.S.C. § 1446, remove this action for trial from the Civil District Court for the Parish of Orleans, to this Court, on this 30th day of November, 2016.

## CONCLUSION

Defendants respectfully request that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, Defendants, Poydras Properties Hotel Holdings Co., LLC, Poydras Properties, LLC, Hyatt Hotels Corporation, Poydras Hotel Members, LLC, Looney & Associates, LLC, and Tudor Insurance Company pray that the legal action captioned *Anita Freudenthal, wife of/and Hugo Freudenthal v. Poydras Properties Holding Co., LLC, Poydras Properties, LLC, Hyatt Hotel Corporation, Poydras Hotel Members, LLC, Ares Management, LLC, Looney & Associates, LLC, and Tudor Insurance Company*, No. 16-10565, Division "J,"

Civil District Court for the Parish of Orleans, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,                                    Respectfully submitted,

*/s/ Caldwell Roberts, Jr.*                                */s/ R. Todd Musgrave*

Caldwell Roberts, Jr., Bar No. 20343          R. Todd Musgrave, Bar No. 22840
Mayer, Smith & Roberts, LLP                   Amanda H. Aucoin, Bar No. 31197
1550 Creswell Ave                             Musgrave, McLachlan, & Penn, L.L.C.
Shreveport, La 71101                          1515 Poydras St., Suite 2380
Office: (318) 222-2135                        New Orleans, LA 70112
Direct: (318) 629-7016                        Telephone: (504) 799-4300
Fax: (318) 222-6420                           Facsimile: (504) 799-4301
Attorney for Looney & Associates, LLC         Attorneys for Poydras Properties Hotel Holdings
                                              Co., LLC, Poydras Properties, LLC, Hyatt
                                              Hotels Corporation, Poydras Hotel Members,
                                              LLC, Tudor Insurance Company, and Ares,
                                              Management, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of November, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anita and Hugo Freudenthal
Through their counsel of record:
Michael R. Allweiss, Esq.
Mark S. Goldstein, Esq.
Alicia M. Bendana, Esq.
LOWE, STEIN, HUFFMAN, ALLWEISS & HAUVER, LLP
701 Poydras Street, Suite 3600
New Orleans, LA 70139
Phone: 581-2450
Fax: 581-2461
**Email:** mallweiss@lowestein.com

*/s/ R. Todd Musgrave*

R. Todd Musgrave

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANITA FREUDENTHAL, WIFE OF/AND HUGO FREUDENTHAL | * * |
| VERSUS | * CIVIL ACTION NO. * |
| POYDRAS PROPERTIES HOLDING CO., LLC, POYDRAS PROPERTIES, LLC, HYATT HOTEL CORPORATION, POYDRAS HOTEL MEMBERS, LLC, ARES MANAGEMENT, LLC, LOONEY & ASSOCIATES, LLC, AND TUDOR INSURANCE COMPANY | * SECTION ___ * * JUDGE _____ * * MAGISTRATE JUDGE * * |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared:

### R. TODD MUSGRAVE

who, after being duly sworn, did depose and state that he is the attorney for Poydras Properties Hotel Holdings Co., LLC, Poydras Properties, LLC, Hyatt Hotels Corporation, Poydras Hotel Members, LLC, Tudor Insurance Company, and Ares, Management, LLC, defendants in the above action, that he has prepared the above Notice of Removal to Federal Court, that he has read the foregoing Notice of Removal and that all of the facts contained therein are true and correct to the best of his information and belief; and certifies that a copy of this Notice of Removal is being forwarded to the attorney for the Plaintiff, all counsel and all parties by depositing same in the United States Mail, postage prepaid and properly addressed.

_____
R. TODD MUSGRAVE

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 30 DAY
OF NOVEMBER, 2016.

_____
NOTARY PUBLIC
Ethan Penn
La. Bar 24596