UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREUDENTHAL ET AL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 16-16716 |
| | * | |
| POYDRAS PROPERTIES | * | SECTION: "L" (1) |
| HOLDING CO., LLC ET AL | * | |

## ORDER & REASONS

Before the Court are Defendant's motions for summary judgment, R. Docs. 39, 53. Defendant Looney & Co Associates ("Looney") asks that its motions for summary judgment be granted, dismissing Looney from the suit with prejudice and at Plaintiffs' cost. Plaintiffs respond in opposition to Defendant Looney's first motion. R. Doc. 55. Co-Defendants respond in opposition to Defendant Looney's second motion. R. Doc. 45. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

I. BACKGROUND

This case arises from injuries Plaintiff Anita Freudenthal ("Mrs. Freudenthal") sustained on May 30, 2016, at the Hyatt Regency Hotel ("the Hotel") located at 601 Loyola Avenue, New Orleans, Louisiana. R. Doc. 1-4 at 2. Mrs. Freudenthal brings this case along with her husband, Hugo Freudenthal ("Mr. Freudenthal" and together, the "Freudenthals" or "Plaintiffs") against Poydras Properties, LLC ("Poydras Properties"), Ares Management, LLC ("Ares"), Tudor Insurance Company ("Tudor"), Poydras Hotel Members, LLC ("PHM"), Poydras Properties

1

Hotel Holdings Co. LLC ("PPHH"), Hyatt Hotels Corporation ("Hyatt Hotels"), Hyatt Louisiana, LLC ("Hyatt Louisiana"), and Looney & Associates, LLC ("Looney" and together, "Defendants").

Mrs. Freudenthal alleges that, as she entered the 8 Block Restaurant of the Hotel, a protruding edge of a bench or banquette caused her to trip and fall onto her left side. R. Doc. 1-4 at 2. Plaintiffs filed suit against the Defendants in Civil District Court for the Parish of Orleans. Defendants removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. R. Doc. 1 at 2.

Mrs. Freudenthal alleges that she sustained severe personal injuries as a result of Defendants' negligence, including sustained damage to her hip, knee, leg, and head. R. Doc. 1-4 at 2. She specifically claims that the placement of the furniture was negligent under La. Civ. Code arts. 2315, 2316, and 2317.1. R. Doc. 1-4 at 3. Plaintiff states her injuries required a total hip replacement which required nine days in the hospital and continuing rehabilitation and physical therapy. R. Doc. 1-4 at 2. She now seeks to hold Defendants liable for pain and suffering, emotional distress, medical expenses, disability, and loss of enjoyment of life and society. R. Doc. 1-4 at 3-4. Mr. Freudenthal was an eyewitness to Mrs. Freudenthal's accident and seeks recovery for emotional distress and mental anguish, recoverable loss of consortium and society, and for all past and future medical bills. R. Doc. 1-4 at 4. Plaintiffs additionally contend they are entitled to recover all expenses associated with their trip to New Orleans, because they were in town for a cruise but unable to attend due to Mrs. Freudenthal's accident. R. Doc. 1-4 at 4. On June 7, 2017, Plaintiffs agreed to dismiss their claims against Poydras Properties, Hyatt Hotels, and Ares without prejudice. R. Doc. 26.

II.     **PRESENT MOTIONS**

### a. Defendant Looney's First Motion for Summary Judgment
### (R. Doc. 53)

In its first motion for summary judgment, Defendant Looney argues that Plaintiffs' claims against Looney are barred by the five year preemptive period under Louisiana Revised Statute 9:5607. R. Doc. 53 at 2. Defendant Looney is the interior designer hired by the Hotel for renovations following Hurricane Katrina. Looney argues that it meets all three potential events that could potentially trigger for the five-year peremption period. R. Doc. 53-6. First, Looney asserts that acceptance of its work for this interior design project was filed by the Hotel's owner into the Orleans Parish mortgage office on October 13, 2011. R. Doc. 53-6 at 1. Second, Looney asserts that the Hotel was occupied by its owner and opened for business on October 19, 2011. R. Doc. 53-6 at 2. Third, Looney asserts that based on the affidavit of James Looney, the services it provided were completed by October 19, 2011. R. Doc. 53-6 at 3. Because the Plaintiffs filed the initial lawsuit in the Civil District Court for Orleans Parish on October 25, 2016, Looney argues that Plaintiffs failed to file their lawsuit within the peremption period based on any of the three potential events that could trigger the period. R. Doc. 53-6 at 6.

### b. Defendant Looney's Second Motion for Summary Judgment
### (R. Doc. 39)

In its second motion for summary judgment, Defendant Looney argues that Plaintiffs have failed to demonstrate that Looney breached the standard of care of professional interior designers. R. Doc. 39. Specifically, Looney alleges that the removal of a table without Looney's consent or acknowledgment caused or contributed to Plaintiffs' injuries. R. Doc. 39 at 1-2. Looney argues that in its original design there was a table in front of the bench or banquette that Mrs. Freudenthal tripped over. R. Doc. 39-2 at 3. The remaining defendants ("Hotel Defendants") admit this table was removed prior to the Hotel's opening because it hindered the

flow of traffic. R. Doc. at 27-2 at 1-2. As established in his deposition, Alex Hill, former Food and Beverage Director of the Hyatt, made the decision to remove the table. R. Doc. 39-2 at 3. Looney asserts that Hill's decision to remove the table was made without any input or consultation from Looney. R. Doc. 39-1 at 2. Therefore, Looney argues that Plaintiffs cannot establish that Looney breached a duty owed to the Plaintiffs or that any breach caused the Plaintiffs' injuries. R. Doc. 39-2 at 1-2.

Plaintiffs do not oppose Looney's second motion for summary judgement. R. Doc. 42 at 1. The Hotel Defendants oppose Looney's motion. R. Doc. 45.

### III. LEGAL STANDARD

#### a. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot

4

avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

### b. Peremptive Period

Under Louisiana Revised Statute 9:5607, no action for damages against a professional interior designer shall be brought unless within five years of either:

> (1) The date of registry in the mortgage office of acceptance of the work by the owner; or
>
> (2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
>
> (3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing such services, as described herein, does not render the services preparatory to construction but the person furnishing such service does not perform any inspection of the work.

La. R.S. 9:5607. Louisiana courts have held that this five year period is "explicitly peremptive." *See MR Pittman Group, LLC v. Plaquemines Parish Government*, 182 So. 3d 291 (La. Ct. App. 4th Cir. 2015); *Boes Iron Works, Inc. v. M.D. Descant, Inc.*, 154 So. 2d 555 (La. Ct. App. 1st Cir. 2014). Additionally, under Louisiana Civil Code art. 3458, rights that are not exercised

5

during the peremptive period are "forever lost." Peremption may not be renounced, interrupted, or suspended. La. Civil Code art. 3461.

IV. **DISCUSSION**

    **a. Looney's Second Motion for Summary Judgment (R. Doc. 39)**

While Plaintiffs do not oppose Looney's second motion, they have asked the court to consider it first because if the Court grants the motion Looney will be eliminated as a defendant and as a contributor of fault, while if the Court only grants the first motion Looney would only be eliminated as a defendant. R. Doc. 55 at 1-2. Therefore, the Court first considers Looney's second motion for summary judgment concerning whether Looney breached the standard of care of interior designers.

Here, summary judgment is precluded because there are genuine issues of material fact regarding the extent of Looney's liability. Primarily, there are questions of fact regarding the causation of Plaintiffs' injuries. Under Louisiana law, two factors must be met to determine proximate cause. *See LeBoef v. Gulf Oil Corp.*, 634 F.2d 261, 262 (5th Cir. 1981) (citing *Traders & General Insurance Co. v. Robinson*, 289 So.2d 178, 183 (La. App. 1st Cir. 1873)). First, "the accident and resulting damage must be the natural and probable consequence of defendant's actions." *Id.* Second, the results of such action must be reasonably foreseeable. *Id.* Here, it is not clear whether Plaintiffs' injuries are the natural and probable consequence of the design and placement of the bench. Additional evidence is needed in order to determine whether the design and/or location of the bench was unsafe, whether removal of the table created an unreasonably dangerous condition, or whether the Plaintiff could have tripped on the bench or banquette if the table was still there.

This Court finds that it is not possible to determine on summary judgment that the removal of the table is the sole or proximate cause of Mrs. Freudenthal's fall. Additionally, the amount of control Looney exerted in designing the bench remains disputed. Hotel Defendants assert Looney is responsible for the design and placement, while Looney asserts that the manufacturer and/or owner of the bench is responsible for its design. Therefore, this Court finds the extent of the liability of both Hotel Defendants and Looney is a question best left for a jury to decide. Accordingly, Looney's second motion for summary judgment, R. Doc. 39, is **DENIED.**

### b. Looney's First Motion for Summary Judgment on the Issue of Peremption

Looney alleges that Plaintiffs' claims against it are perempted pursuant to Louisiana Revised Statute 9:5607. This statute establishes a five year peremptive period for claims against professional interior designers. La. Rev. Stat. 9:5607. It is undisputed that Looney was hired as the professional interior designer for work at the Hotel, and specifically at the restaurant where the accident occurred. R. Doc. 1-4 at 2. Therefore, La. R.S. 9:5607 applies to Looney in this case.

Here, there is some dispute as to whether acceptance of Looney's work was registered in the mortgage office. However, because the Court finds that Plaintiffs' claims are perempted under La. R.S. 9:5607(A)(2), the Court will not discuss registration of acceptance. Looney has provided the Court with documents indicating that the owner occupied and took possession of the premises no later than October 19, 2011. October 19, 2011 was the date of the grand opening of the Hotel. Therefore, the owner of the Hotel must have been occupying it no later than that date. Pursuant to La. R.S. 9:5607, peremption had run by October 19, 2016. Plaintiffs filed suit against Looney on October 25, 2016. Accordingly, Plaintiffs claim was brought outside the peremptive period and

must be dismissed. Therefore, Defendant's motion for summary judgment, R. Doc. 53, is **GRANTED**.

V.      **CONCLUSION**

Based on the foregoing reasons,

**IT IS ORDERED** that Defendant Looney's motion for summary judgment, R. Doc. 39, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Looney's motion for summary judgment, R. Doc. 53, is **GRANTED** and Plaintiff's claims against Defendant Looney are hereby **DISMISSED WITH PREJUDICE**.

Therefore,

**IT IS FURTHER ORDERED** that Defendant Looney's motion to Amend/Correct Scheduling Order, R. Doc. 59, is **DISMISSED AS MOOT**.

New Orleans, Louisiana on the 7th day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE